UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LISA HILL                                          CIVIL ACTION NO. 22-cv-1697

VERSUS                                             CHIEF JUDGE HICKS

FRANK WOOLEY ET AL                                 MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Lisa Hill ("Plaintiff"), who is self-represented, has filed a number of civil actions in this court.  This complaint names as defendants Shreveport City Court Judge Emily Merckle, Frank Wooley, and Wooley's daughter Terri Levington.  Plaintiff complains about her recent eviction.  For the reasons that follow, it is recommended that the complaint be dismissed.

### The Complaint

Plaintiff alleged in her complaint that she moved into a residence in July 2021 with the benefit of an emergency rental assistance program.  She alleged that a payment dispute of some sort arose between her and her landlords, and Frank Wooley eventually gave her a five-day notice to vacate.  Plaintiff alleged that she got a U-Haul and moved all of her belongings out of the house but had nowhere to go.  Her landlords allegedly falsified documents to the rental assistance program and refused to replace a faulty bathtub.

Plaintiff alleged that Shreveport City Court Judge Emily Merckle refused to view Plaintiff's affirmative defense.  Plaintiff alleged that she tried to open a folder and show

the judge documents, but the judge instead asked the landlord what she wanted, which was eviction. Plaintiff alleged that she filed a motion to appeal the eviction, but Judge Merckle denied it. Plaintiff invokes 42 U.S.C. § 1983 and asks for compensatory damages and the removal of an allegedly illegal eviction from her rental history.

**Authority to Review Complaint**

Plaintiff is proceeding in forma pauperis ("IFP"). Under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), the district court shall dismiss an IFP complaint at any time if it determines that the complaint is frivolous or malicious or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in law or fact. It lacks an arguable basis in law if it is based on an indisputably meritless legal theory. The complaint lacks an arguable basis in fact if the facts alleged are clearly baseless. Rogers v. Boatright, 709 F.3rd 403, 407 (5th Cir. 2013).

**Judge Merckle**

Judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). That immunity is not overcome by allegations of bad faith or malice. Pierson v. Ray, 87 S.Ct. 1213 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). Whether an act by a judge is a judicial one relates to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in her judicial capacity. Mireles, 112 S.Ct. at 288.

The Fifth Circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.  Davis v. Tarrant County, 565 F.3rd 214, 222 (5th Cir. 2009).  These factors are broadly construed in favor of immunity. Id.

The actions by Judge Merckle that are alleged by Plaintiff unequivocally fall within a judge's authority as judicial officer of the court and the ordinary exercise of judicial duties.  All allegations in the complaint concerning Judge Merckle relate to her presiding over an eviction proceeding and her actions and decisions in that proceeding.  All claims against Judge Merckle should be dismissed based upon judicial immunity.

**Wooley and Levington**

Plaintiff alleges that Mr. Wooley and Ms. Levington were her landlords.  She attempts to assert claims against them based on 42 U.S.C. § 1983, but only "state actors" may be sued for federal civil rights violations under the statute.  The complaint indicates that the landlord defendants are private individuals and not city or state officials.  A private citizen can become a "state actor" only when their conduct is fairly attributable to the State.  "A landlord does not act 'under color of state law' simply by filing suit against a tenant or by failing to comply with the requirements of a state statute or procedural rule."  Brown v. Crawford, 2008 WL 508390, *2 (N.D. Tex. 2008), citing Dickerson v. Leavitt Rentals, 995 F. Supp. 1242, 1250 (D. Kan. 1998), aff'd, 153 F.3d 726 (10th Cir. 1998) (landlords did

not act under color of law by simply filing eviction suits in state court).  See also Cruz-Arce v. Mgmt. Admin. Servs. Corp., 19 F.4th 538 (1st Cir. 2021) (private company that managed low-income housing and evicted the plaintiff was not a state actor) and Parr v. Colantonio, 844 Fed. Appx. 476 (3rd Cir. 2021) (private landlord that obtained eviction order in state court was not a state actor).  All of the allegations against Mr. Wooley and Ms. Levington depict them as private individuals who obtained a routine eviction from a privately owned residence.  There is, therefore, no basis to find that they were state actors who could be liable under Section 1983.

**Rooker-Feldman Doctrine**

Plaintiff asks this court to "remove the illegal eviction off my rental history."  She also complains about Judge Merckle denying her request to appeal.  It appears, therefore that the eviction proceeding is final.  To the extent Plaintiff attempts to challenge the outcome of the city court eviction proceedings, her claims are barred by the Rooker-Feldman doctrine.  See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (2005) (doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal proceedings commenced and inviting federal district court review and rejection of those judgments).  See also Hagerty v. Succession of Clement, 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.").

If a state court errs, the judgment is to be reviewed and corrected by the appropriate state appellate court.  Recourse through the federal level is then limited to an application

for a writ of certiorari to the Supreme Court.  Weekly v. Morrow, 204 F.3d 613, 615 (5th Cir. 2000).  Plaintiff's effort to attack the state court eviction judgment by alleging a civil rights injury is prohibited by the Rooker-Feldman doctrine.

**Sanctions Warning**

Plaintiff has filed several lawsuits, and each that has been reviewed has been found to lack merit. Each of Plaintiff's complaints and filings require the expenditure of judicial resources that could otherwise be spent on the resolution of the cases of deserving litigants. To prevent such abuses, the court has the authority to structure sanctions as are necessary or warranted to control its docket and maintain the orderly administration of justice.  See Goldgar v. Office of Administration, 26 F.3d 32, 36 n.3 (5th Cir. 1994); Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); Moody v. Miller, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989).  Plaintiff is warned that she will be subject to potential sanctions if she continues to file frivolous or malicious suits or motions in this court.  Those sanctions may include a requirement that Plaintiff obtain judicial pre-approval for any filings, the denial of pauper status, the imposition of monetary sanctions, or an order for other appropriate sanctions.

Accordingly,

It is recommended that Plaintiff's complaint be dismissed with prejudice because all claims asserted in it are barred by judicial immunity or fail to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of June, 2022.

Mark L. Hornsby
U.S. Magistrate Judge